# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2022

Lyle W. Cayce
Clerk

No. 22-10260
Summary Calendar

David Wekesa,

*Petitioner—Appellant*,

*versus*

United States Attorney; United States Department of
Homeland Security; Immigration and Customs
Enforcement; Warden, Eden Detention Center,

*Respondents—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:21-CV-46

Before Smith, Dennis, and Southwick, *Circuit Judges*.
Leslie H. Southwick, *Circuit Judge*:*

David Wekesa appeals the district court's dismissal of his 28 U.S.C.
§ 2241 petition challenging his continued detention pursuant to 8 U.S.C.
§ 1226(c). He has also filed a motion for an emergency temporary restraining

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10260

order.  Wekesa argues that, while originally lawful, his continued detention without an individualized bond hearing violates his due process rights.

A district court has subject matter jurisdiction to hear an alien's Section 2241 petition challenging the lawfulness of his or her detention.  *See Demore v. Kim*, 538 U.S. 510, 517 (2003).  In the context of a Section 2241 petition, this court reviews the district court's determinations of law *de novo* and its findings of facts for clear error.  *Tran v. Mukasey*, 515 F.3d 478, 481 (5th Cir. 2008).

Section 1226(c) provides that the Attorney General shall detain aliens who are inadmissible or removable based on having committed certain criminal offenses.  § 1226(c)(1).  Any alien detained under Section 1226(c)(1) may be released only if the alien's release is necessary for witness-protection purposes, and (2) the Attorney General is satisfied that the alien does not pose a danger to persons or property and that the alien is likely to appear for scheduled proceedings.  § 1226(c)(2).  In *Jennings v. Rodriguez*, 138 S. Ct. 830, 846 (2018), the Supreme Court stated that the language of the statute "reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute."  The Court held that "§ 1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes."  *Id*. at 847.

Because Wekesa does not meet the statutory requirements for release under Section 1226(c)(2), the district court did not err by denying Wekesa's Section 2241 petition.  His motion for an emergency temporary restraining order is also denied.

AFFIRMED; MOTION DENIED.

2

No. 22-10260

James L. Dennis, *Circuit Judge*, dissenting:

With respect to my learned colleagues in the majority, I disagree that Wekesa's prolonged detention—he has been held for almost two-and-a-half years—without a bond hearing does not violate the Fifth Amendment's guarantee of due process. The authority the majority relies on for its decision, *Jennings v. Rodriguez*, 138 S. Ct. 830, 846–47 (2018), held only that the statute providing the Government's detention authority, 8 U.S.C. § 1226(c), does not require periodic bond hearings. It expressly left open the question Wekesa raises, which is whether the Constitution does. *See id.* at 851 ("Because the Court of Appeals erroneously concluded that periodic bond hearings are required under the immigration provisions at issue here, it had no occasion to consider respondents' constitutional arguments . . . Consistent with our role as 'a court of review, not of first view,' we do not reach those arguments.") (internal citation removed); *Rodriguez v. Marin*, 909 F.3d 252, 255 (9th Cir. 2018) (noting on remand that the Supreme Court "declined to reach the constitutional question"). With respect, the majority's observation that, per *Jennings*, § 1226(c) mandates detention without bail is apropos of nothing Wekesa argues. Neither does *Demore v. Kim*, 538 U.S. 510 (2003), foreclose Wekesa's claim. That case held only that a "brief period" of detention under § 1226(c)—three months in that case—without a judicial determination of dangerousness or flight risk did not violate the Fifth Amendment. *Id.* at 513. In short, the majority cites no relevant authority, and makes no convincing argument, for its summary rejection of Wekesa's claim.

I would instead hold that Wekesa's prolonged detention without a bond hearing implicates due process protections and must be analyzed further. The Fifth Amendment guarantees that all "persons"—citizens and non-citizens alike—shall not be deprived of liberty without due process of law. U.S. Const. amend V; *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

3

No. 22-10260

To detain someone without bail is to deprive them of liberty. *Id.* at 690. And to detain someone with no hearing on whether they are eligible for bail is to do without process. I would thus follow the reasoning of the Supreme Court in *Zadvydas* and hold that the Constitution does impose limits on the length of time the Government may detain a noncitizen without a bond hearing. *See id.* at 690 ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem.").[1] Because the district court here appears to have concluded that the Due Process Clause did not apply to Wekesa's detention at all,[2] I would vacate and remand for the court to apply the Fifth Amendment and determine in the first instance whether Wekesa's prolonged detention violates the Due Process Clause.

I respectfully dissent.

---

[1] I note that this would also align our circuit with the federal courts, including two of our sister circuits which have addressed the issue. *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 206 (3d Cir. 2020); *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021) ("[W]e adhere to the notion that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention'[.]"); *Muse v. Sessions*, 409 F. Supp. 3d 707, 712–15 (D. Minn. 2018).

[2] The district court's brief single-page order contained no analysis or independent findings. It simply stated that "based on the facts and the law" in the Government's brief, Wekesa's petition was denied. According to that brief, neither the Constitution nor § 1226(c) entitle Wekesa to relief.